**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **LAURA LEMKE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 17 C 5234** |
| | ) | |
| **ESCALLATE, LLC,** | ) | **Judge Rebecca R. Pallmeyer** |
| | ) | |
| **Defendant.** | ) | |

<u>**MEMORANDUM ORDER AND OPINION**</u>

In October 2016, Plaintiff Laura Lemke received a collection letter from Defendant debt collector, Escallate, LLC, for a $1225.00 debt. The letter listed the amount of the debt and also stated, "Accrued Interest: $0.00." It also warned that Ms. Lemke might incur an additional charge if her payment was returned for insufficient funds. Ms. Lemke alleges that both the statement of interest and the warning of insufficient funds were false, deceptive, and misleading in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, and the Illinois Collection Agency Act ("ICAA"), 225 Ill. Comp. Stat. 425/9. Both parties move for summary judgment. For the reasons set forth below, Defendant Escallate's motion for summary judgment granted and the case is dismissed.

<u>**BACKGROUND**</u>

Escallate is a debt collection agency based in Ohio, licensed and doing business in Illinois. (Pl.'s Statement of Material Facts in Support of Her Motion for Summary Judgment ("Pl.'s SOF") [54] ¶¶ 3, 4; Answer [12] ¶ 7.) Laura Lemke is a Chicago resident who owed an unpaid balance on a medical account from Emergency Medicine Physicians of Will County, LLC. (Pl.'s SOF [54] ¶ 7.) On October 28, 2016, Escallate sent Ms. Lemke a letter informing her that her "account ha[d] been listed with our office for collection," and that she had a "balance due" of $1,225.00. (Collection Letter, Exhibit B to Compl. [1].) Ms. Lemke does not dispute that she owed the $1,225.00. (Pl.'s Resp. to Df.'s Local Rule 56.1 Statement of Facts in Support of Defendant's

Motion for Summary Judgment ("Pl.'s Resp. to Df.'s SOF") [60] ¶ 2.)  Instead, she takes issue with the contents of the letter.

The letter itemizes the amount Ms. Lemke owed as follows:

> Amount Assigned: $1225.00
> Accrued Interest: $ 0.00
> Balance Due: $1225.00

(Collection Letter, Exhibit B to Compl. [1].)  The letter also notes: "You may be charged a $20.00 Non-Sufficient Funds ['NSF'] Fee for any payment that is not honored because sufficient funds are not available in the account on which the payment was drawn."  (*Id.*)  This NSF statement appears a little more than half-way down the page and is followed closely by Escallate's contact information and a detachable slip, typical of billing statements, that is to be returned with payment. The detachable portion contains Escallate's return mailing address, and it has a form for credit card payments.  That form states, "If paying by credit card, please check card [type] and fill out below," and it provides space for providing a card number, CVC code, expiration date, and signature.  (*Id.*)  Ms. Lemke contends that both the interest itemization and the NSF statement contained in the letter are false, misleading, and deceptive.

Ms. Lemke never made any payments on the debt, and there is no evidence that she ever contacted Escallate to attempt to make any payment.  She filed this lawsuit through counsel on July 15, 2017.  Count I alleges that Escallate's letter violates §§ 1682e, 1692e(2)(a), and 1692e(5) of the FDCPA.  Count II alleges a violation of FDCPA § 1692g(a)(1).  Finally, Count III alleges that Escallate has violated the ICAA, 225 Ill. Comp. Stat. 425/9.  Escallate now moves for summary judgment on all counts of the Complaint; Ms. Lemke seeks summary judgment only on her FDCPA claims.

## **LEGAL STANDARD**

"Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law."  *Evans v. Portfolio Recovery Assocs., LLC,*

889 F.3d 337, 343 (7th Cir. 2018) (citing *Hess v. Bd. Of Trs. Of S. Ill. Univ.*, 839 F.3d 668, 673 (7th Cir. 2016)).  *See* Fed. R. Civ. P. 56.  "An issue of material fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871, 874 (7th Cir. 2015) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  "On cross-motions for summary judgment," the court "draw[s] inferences 'in favor of the party against whom the motion under consideration was made.' " *Bentrud*, 794 F.3d at 874 (quoting *McKinney v. Cadleway Props., Inc.*, 548 F.3d 496, 500 (7th Cir. 2008)).

## DISCUSSION

### I.      FDCPA

The FDCPA imposes certain requirements on debt collectors and prohibits them from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.  The parties agree that the FDCPA governs Escallate's activity in this case.  Plaintiff argues that Escallate violated § 1692e(2)(A) of the FDCPA, which prohibits the false representation of the "character, amount, or legal status of any debt," and § 1692e(5), which prohibits debt collectors from threatening "to take any action that cannot legally be taken," when Escallate included the interest amount and the NSF statement on the collection letter.[1]  Lemke also alleges that Escallate's letter violated § 1692g(a)(1), which requires a debt collector to "send the consumer a written notice containing . . . the amount of the debt."

---

[1]      Plaintiff Lemke claims that Escallate is prohibited from collecting any amount, including interest and credit card fees, when "(A) state law expressly prohibits collection of the amount or (B) the contract does not provide for collection of the amount and state law is silent." *Acosta v. Credit Bureau of Napa Cty.*, No. 14 C 8198, 2015 WL 1943244, at *3 (N.D. Ill. Apr. 29, 2015).  This appears to be a test for analyzing the legality of a collection under FDCPA § 1692f(1). *See Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991, 996 (7th Cir. 2003).  Lemke has not alleged any violation of § 1692f.  Escallate itself, however, never challenges Lemke's characterization of the law, nor does it assert that it did, in fact, have a right to collect interest or that its right to charge an NSF fee included a right to charge a fee for a declined credit card payment.

3

A.      Section 1692e

FDCPA § 1692e(2)(A) prohibits debt collectors from falsely representing "the character, amount, or legal status of any debt."  Section 1692e(5) similarly prohibits debt collectors from "threat[ening] to take any action that cannot legally be taken or that is not intended to be taken."

In this circuit, violations of § 1692e are measured using the unsophisticated consumer test: the court "ask[s] whether someone of modest education and limited commercial savvy would likely be deceived by the [collection] letter."  *O'Boyle v. Real Time Resolutions, Inc.*, 910 F.3d 338, 344 (7th Cir. 2018) (explaining that "[t]he hypothetical unsophisticated consumer is uninformed, naïve, and trusting, but has rudimentary knowledge about the financial world. . . . Though not fully wise . . . he is wise enough to read collection letters with added care.  He is reasonably intelligent and can make basic logical deductions and inferences") (citing *Boucher v. Fin. Sys. of Green Bay*, 880 F.3d 362, 366 (7th Cir. 2018)).  "[T]he unsophisticated consumer test is an objective one, meaning that it is unimportant whether the individual that actually received a violative letter was misled or deceived."  *Lox v. CDA, Ltd.*, 689 F.3d 818, 826 (7th Cir. 2012) (internal quotation marks and citation omitted).  Instead, the court must "ask whether the letter 'could well confuse a substantial number of recipients.' "  *O'Boyle*, 910 F.3d at 344 (citing *Taylor v. Cavalry Inv., L.L.C.*, 365 F.3d 572, 575 (7th Cir. 2004)).  The Plaintiff bears the burden of proving that the unsophisticated consumer would be misled.  *Ruth v. Triumph Partnerships*, 577 F.3d 790, 800 (7th Cir. 2009).

The Seventh Circuit has laid out three categories of deceptive, misleading, or false statements.  *See Ruth*, 577 F.3d at 800–801.  The first category consists of statements "that plainly, on their face, are not misleading or deceptive.  In these cases, [the court] do[es] not look to extrinsic evidence to determine whether consumers were confused.  Instead, [the court] grant[s] dismissal or summary judgment in favor of the defendant based on [its] own determination that the statement complied with the law."  *Id.* at 800.  The second category consists of "cases

4

involv[ing] statements that are not plainly misleading or deceptive but might possibly mislead or deceive the unsophisticated consumer. In these cases, . . . plaintiffs may prevail only by producing extrinsic evidence, such as consumer surveys, to prove that unsophisticated consumers do in fact find the challenged statements misleading or deceptive." *Id.* The third and final category consists of "collection notices [that] are clearly misleading on their face." *Id.* at 801. There, the court "grant[s] summary judgment for the plaintiffs without requiring them to prove what is already clear." *Id.*

Here, Escallate insists that its collection letter falls into the first *Ruth* category. Ms. Lemke insists that it falls into the third. The court disagrees with both parties, finding that the collection notice "might *possibly* mislead or deceive the unsophisticated customer." *Id.* at 800 (emphasis added). An unsophisticated consumer may find it helpful to know that her account is not accumulating interest. At her deposition, Escallate's Director of Business Administration testified that Escallate notified Ms. Lemke that no interest had accrued because Escallate "feel[s] that it is to [the consumer's] benefit to understand or to know that interest is not being charged," (Moyer Deposition, Exhibit C to Pl.'s SOF [54], at 18:18–20). It is also possible, however, that the mere notice of zero "accrued interest" could also lead an unsophisticated consumer to conclude that interest might accumulate on the debt in the future.

Escallate urges this court to follow *Delgado v. Client Servs., Inc.*, No. 17 C 4364, 2018 WL 1193741, at *3 (N.D. Ill. Mar. 7, 2018), *appeal dismissed*, No. 18-1748, 2018 WL 4896763 (7th Cir. July 26, 2018) and find that its letter was plainly not misleading or deceptive. In *Delgado*, the court ruled that the plaintiff failed to state a claim under § 1692e when the plaintiff received an itemized collection letter stating: "Balance Due At Charge-Off: 2,619.26, Interest: 0.00, Other Charges: 0.00, Payments Made: 20.00, [and] Current Balance: 2,599.26." *Id.* at *1. The court found that this itemization was not misleading: "[t]o find otherwise places debt collectors between a rock and a hard place, where they cannot simply list the amount owed, for fear of being

misleading, but likewise, cannot breakdown the amount into categories either, for fear of being misleading." *Id.* at *3. In so ruling, the *Delgado* court relied on *Fields v. Wilber Law Firm*, 383 F.3d 562, 566 (7th Cir. 2004). *Delgado* cited *Fields* for the Seventh Circuit's statement that the itemization of "the various charges that comprise the total amount of [a] debt" would be a "simple way to comply with § 1692e and § 1692f." *Delgado*, 2018 WL 1193741, at *3 (quoting *Fields*, 383 F.3d at 566).

*Fields* is distinguishable from this case, however. In *Fields*, the plaintiff had failed to pay a $122.06 veterinarian's bill. At the time of service, the plaintiff signed a contract permitting attorney's fees and interest accumulation in the event of debt collection. The plaintiff eventually received an un-itemized debt collection letter for an "account balance" of $388.54. The *Fields* court found the letter potentially misleading, and it reversed the district court's dismissal, remanding for further proceedings. *Fields*, 383 F.3d at 566 ("One simple way to comply with § 1692e & § 1692f in this regard would be to itemize the various charges that comprise the total amount of the debt."). Unlike in *Fields*, Ms. Lemke's debt had accumulated no interest or other fees, and there was no possibility that it would accumulate interest or fees in the future.

Thus, Escallate is not between a "rock and a hard place." A straightforward way for it to proceed is by eliminating the zero-interest balance line from collection letters for accounts, like this one, on which no interest may possibly accumulate. *See Wood v. Allied Interstate, LLC*, No. 17 C 4921, 2018 WL 6830333, at *3 (N.D. Ill. Dec. 28, 2018) (declining to follow *Delgado* and finding that an itemized collection letter falls into the second *Ruth* category).

Similarly, the non-sufficient funds fee ("NSF") notice at the bottom of the collection letter, followed closely by a form for a credit card payment, may mislead an unsophisticated consumer to believe that she would be charged $20.00 for any declined payment. "The hypothetical unsophisticated consumer . . . has rudimentary knowledge about the financial world," *O'Boyle v. Real Time Resolutions, Inc.*, 910 F.3d 338, 344 (7th Cir. 2018) (citation omitted), and a reasonably

6

knowledgeable consumer who had seen such language before might understand the NSF notice to apply only to bounced checks. An unsophisticated consumer, on the other hand, may understand credit cards to be "account[s] on which [ ] payment [is] drawn." (Collection Letter, Exhibit B to Compl. [1].)[2] Thus, the NSF language is neither plainly misleading nor plainly clear; it is "susceptible to more than one interpretation." *Janetos v. Fulton Friedman & Gullace*, LLP, 825 F.3d 317, 323 (7th Cir. 2016).

With the Escallate letter falling squarely in the second *Ruth* category, the court must grant summary judgment for Defendant Escallate on Plaintiff's § 1692e claims. When collection letters "might possibly mislead or deceive the unsophisticated consumer . . . plaintiffs may prevail only by producing extrinsic evidence, such as consumer surveys, to prove that unsophisticated consumers do in fact find the challenged statements misleading or deceptive." *Ruth*, 577 F.3d at 800; *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012) (noting the requirement that plaintiffs present extrinsic evidence when a case falls in to the second *Ruth* category). Ms. Lemke has failed to provide any extrinsic evidence here, warranting dismissal of Count I of her Complaint.[3] *See Wood*, 2018 WL 6830333 at *4 (granting summary judgment for a defendant, when a collection letter fell into the second *Ruth* category and the plaintiff failed to present any extrinsic evidence).

### B.     Section 1692g

Plaintiff next alleges that Escallate "failed to accurately communicate to Plaintiff the amount of the alleged debt in its initial communication," in violation of § 1692g(a)(1). 15 U.S.C.

---

[2]     Defendant Escallate insists, and Plaintiff does not dispute, that the $20.00 NSF fee is permitted by law. 810 Ill Comp. Stat. 5/3-806. This argument misses the point; the issue is not whether Escallate could assess the NSF fee on checks, but whether the letter might lead an unsophisticated consumer to believe that the NSF fee would be assessed on declined credit card payments—something that Escallate was not legally authorized to do.

[3]     Because the case is dismissed on these grounds, the court need not assess the materiality of Escallate's alleged misrepresentations.

§ 1692g(a)(1) (requiring a debt collector to "send the consumer a written notice containing . . . the amount of the debt" within five days of the debt collector's initial communication with the consumer). These claims rely again on the same portions of the collection letter—the statement of interest and the NSF fee notice—and, again, the unsophisticated consumer test applies. *See Gruber v. Creditors' Protection Service, Inc.*, 742 F.3d 271, 274 (7th Cir. 2014) (applying the unsophisticated consumer standard to a §1692g(a)(4) claim).

The court is aware of no case applying the *Ruth* categories to a § 1692g(a)(1) claim. *See Janetos*, 825 F.3d at 322–23 (suggesting that the *Ruth* categories apply to "claims under § 1692e, or at least those based on its general prohibitions against false, deceptive, or misleading statements and practices"). Still, the analysis is similar. The Seventh Circuit has explained that § 1692g(a)(1) requires a collection letter to "state [the amount of debt] clearly enough that the recipient is likely to understand it." *Chuway v. Nat'l Action Fin. Servs., Inc.*, 362 F.3d 944, 948 (7th Cir. 2004) ("It is impossible to draft a letter that is certain to be understood by every person who receives it; only if it would confuse a significant fraction of the persons to whom it is directed will the defendant be liable."). For the reasons stated above, Escallate's letter is neither obviously misleading nor plainly clear. Instead, it may be misleading to the comparatively unsophisticated debtor.

Plaintiff insists that *Chuway* requires the court to enter summary judgment in her favor on her § 1692g claim, but that case is distinguishable. There, a debt collector sent a consumer a collection letter stating that the consumer owed a "balance" of "$367.42." *Chuway*, 362 F.3d at 947. It also asked the recipient to "[p]lease remit the balance listed above in the return envelope provided. To obtain your most current balance information, please call 1–800–916–9006." *Id.* The Seventh Circuit reversed the district court's holding that the plaintiff had failed to state a claim under § 1692g(a)(1), finding that the language about obtaining a most current balance was clearly confusing. *Id.* at 948. "[I]f the letter had stopped after the 'Please remit' sentence, the defendant

8

would be in the clear." *Id.* at 947. It should have "stopp[ed] there, without talk of the 'current' balance." *Id.* at 949. In the case before this court, Escallate did "stop there"; the letter makes no mention of any need to request a current balance. The collection letter clearly states a "balance due," and though Plaintiff argues that the "accrued interest" implies the balance may change in the future, the statute simply requires the debt collector to communicate the amount of the alleged debt. Escallate's letter is not nearly as misleading as the language used in the *Chuway* letter, which, on its face, suggested that the letter did *not* disclose the actual amount due, in direct violation of § 1692g(a)(1).

Plaintiff faults Escallate for failing to use the "safe harbor" language crafted by the Seventh Circuit to help debt collectors avoid liability under § 1692g(a)(1). *See Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 876 (7th Cir. 2000). That language reads:

> As of the date of this letter, you owe $___ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1–800– [phone number].

*Id.* As the Seventh Circuit explained in that case, however, the language the court drafted is for "cases . . . where the amount [due] varies from day to day." *Id. Chuway* reiterated that this safe harbor language is to be used when the "debt collector is trying to collect the listed balance plus the interest running on it or other charges." 362 F.3d at 949. Collecting interest or other fees on the assigned debt is precisely what Escallate may *not* do here. As such, using the *Miller* language would be far more likely to result in Escallate's violation of § 1692e than the formulations it actually used in its collection letter to Ms. Lemke.

Because the court find that Escallate's letter could be misleading to an unsophisticated consumer, but not that it is plainly so, Ms. Lemke is again required to provide the court with extrinsic evidence of consumer confusion. *Chuway*, 362 F.3d at 948 ("[I]f it is unclear whether

9

the letter would confuse intended recipients of it, then to make out a prima facie case the plaintiff has to go further and present evidence (beyond her own say-so) of confusion, for example in the form of a carefully designed and conducted consumer survey."  Again, her failure to do so defeats her claim.  Defendant's motion for summary judgment on Count II is granted.

## II.    ICAA Claim

Defendant moves for summary judgment on Plaintiff's ICAA claim.  (*See* Df.'s Memo in Support of MSJ [50], at 11.)  Plaintiff's response offers no comment on Defendant's argument (*see* Pl.'s Resp. to Def.'s MSJ [59]), and Plaintiff does not ask the court to enter summary judgment on her ICAA claim.  (*See generally* Pl.'s Motion for Summary Judgment Against Escallate Services, LLC [52]; Pl.'s Memo in Support of MSJ [53].)  Thus, the court considers Plaintiff's opposition to this portion of Defendant's motion waived and enters summary judgment for Defendant on Count III.  *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument . . . results in waiver."); *Wojtas v. Capital Guardian Tr. Co*., 477 F.3d 924, 926 (7th Cir. 2007) (explaining that the plaintiff's "failure to offer any opposition to [the defendant's] statute of limitations argument constituted a waiver").

## <u>CONCLUSION</u>

The collection notice that Escallate sent to Ms. Lemke in late 2016 "might possibly mislead or deceive the unsophisticated consumer."  *See Ruth*, 577 F.3d at 800.  However, Ms. Lemke has failed to adduce any extrinsic evidence of the letter's misleading nature or of consumer confusion, as required by the Seventh Circuit.  This defeats her FDCPA claims.  Ms. Lemke has failed to oppose Escallate's motion for summary judgment on her Illinois state law claim.  Plaintiff Lemke's motion [52] is denied, and Escallate's motion for summary judgment [48] is granted.

ENTER:

Dated:        March 19, 2019

_____
REBECCA R. PALLMEYER
United States District Judge

10